IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 16-0248-WS |
| | ) | |
| RICHARD PHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The defendant has filed a handwritten document of unclear import. (Doc. 63). The defendant says he has without success asked his trial counsel to bring a motion for compassionate release on his behalf, (*id*. at 1), but he neither describes his filing as such a motion nor expressly seeks such relief. On the contrary, he states that he is "sending you a pro-se from me to you this week." (*Id*. at 3). The Court therefore construes the filing as a notice that the defendant intends to file a motion for compassionate release in the near future. So construed, the defendant's filing is **noted**.

The defendant states that he has been notified of his placement in a half-way house effective October 7, 2020. (Doc. 63 at 2).[1] Without argument or explanation, he asks, "Can you help me with 3 month extra half way house or home confinement?" (*Id*.). Home confinement is governed by statute, specifically, 18 U.S.C. § 3624(c)(2).[2] Section 3624(c) commits to the Bureau of Prisons ("BOP") the decision where an inmate should spend the final months of his sentence. The CARES Act enlarges the amount of time a prisoner may spend in home confinement,[3] but it does not alter the provision making

---

[1] This is consistent with the Bureau of Prisons' identification of the defendant's release date, as reflected on the inmate locator page of its website, as March 5, 2021.

[2] Home detention is also possible pursuant to 34 U.S.C. § 60541(g), but only for inmates that are terminally ill or at least 60 years old. The defendant is neither.

[3] Section 3624(c)(2) limits home confinement to the final ten percent of a defendant's sentence, or to six months, whichever is less. Section 12003(b) of the CARES Act provides that,

BOP the body to make such determinations.[4]  The defendant's recourse is thus to seek relief internally.  Assuming without deciding that the Court has authority to issue a recommendation regarding pre-release custody under 18 U.S.C. § 3624(c) other than at the time of sentencing,[5] and assuming without deciding that the Court has authority to issue such a recommendation without the defendant first exhausting administrative remedies,[6] the Court declines to issue such a recommendation, as the defendant has presented nothing persuading the Court to wade into a decision committed by Congress to BOP and as to which BOP has information and expertise far exceeding that of the Court.[7]  The defendant's deemed motion for assistance in obtaining more extended pre-release custody is **denied**.

DONE and ORDERED this 17th day of July, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

upon an appropriate finding by the Attorney General, "the Director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of 3624(c)(2) …, as the Director determines appropriate."  The Attorney General has made the required finding.

[4] *E.g., United States v. Saxon*, 2020 WL 2617131 at *1 (S.D. Ga. 2020); *United States v. Alvarez*, 2020 WL 2572519 at *2-3 (S.D. Fla. 2020); *United States v. Dison*, 2020 WL 2564677 at *5 (S.D. Ala. 2020); *United States v. Phillips*, 2020 WL 2219855 at *6 (M.D. Fla. 2020); *United States v. Daniels*, 2020 WL 1938973 at *1-2 (N.D. Ala. 2020).

[5] *See, e.g., United States v. Holcomb*, 2018 WL 1896542 at *2 (D.N.M. 2018); *United States v. Ross*, 2018 WL 2376510 at *2 (E.D. Wis. 2018) (citing cases).

[6] *See, e.g., Cade v. United States*, 2019 WL 669570 at *1 (S.D. Miss. 2019).

[7] *See, e.g., United States v. Witherspoon*, 2019 WL 2514714 at *2 (M.D. Tenn. 2019) ("The BOP, not the court, is in the best position to evaluate the appropriate place for the defendant to serve" the final months of his sentence); *accord United States v. Noguni*, 2019 WL 1748505 at *2 (D. Nev. 2019); *United States v. Brooks*, 2019 WL 118593 at *1 (W.D. Ky. 2019) (citing cases).